ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ARLENE ORTIZ DÍAZ<br>Peticionaria<br><br>Ex parte | KLCE202500189 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024RF01627<br><br>Sobre:<br>Patria Potestad Prorrogada |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Comparece Arlene Ortiz Díaz ("señora Ortiz Díaz" o "Peticionaria") mediante *Escrito de Certiorari* y solicita la revisión de la *Resolución Interlocutoria* emitida el 3 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). Mediante el referido dictamen, el TPI determinó que el padre de un presunto incapaz, aunque no deba ser acumulado como parte, debe ser notificado de la petición de incapacidad y patria potestad prorrogada instada en beneficio de su hijo.

Por los fundamentos que expondremos a continuación, se *Deniega* el dictamen recurrido.

## I.

El 4 de diciembre de 2024, la señora Ortiz Díaz presentó una *Petición* sobre declaración de incapacidad y restitución de patria potestad, en beneficio de su hijo mayor de edad, Dalvis Abraham Reyes Ortiz ("joven Reyes Ortiz").

Tras los trámites de rigor, el 23 de diciembre de 2024, el Ministerio Público notificó el *Informe Fiscal I*, mediante el cual requirió el

emplazamiento del padre del joven Reyes Ortiz, Dalvis Javier Reyes Encarnación ("señor Reyes Encarnación").

El 17 de enero de 2025, la señora Ortiz Díaz instó su oposición a la notificación y emplazamiento del padre no peticionario. La Peticionaria expuso que, el señor Reyes Encarnación no era parte indispensable en el pleito de epígrafe, toda vez que, al joven Reyes Ortiz haber advenido a la mayoría de edad, su derecho de patria potestad había culminado.

Así las cosas, el 31 de enero de 2025, el Ministerio Público adujo que, al señor Reyes Encarnación tener derecho a solicitar la incapacidad de su hijo, tenía un interés común con la Peticionaria, tanto como progenitor registral y heredero del joven. Señaló, además, que el debido proceso de ley exigía que el padre del joven Reyes Ortiz fuera notificado sobre el procedimiento.

El 3 de febrero de 2025, el foro de instancia emitió una *Resolución Interlocutoria.* Mediante el referido dictamen, el TPI dispuso que, a pesar de que no era indispensable acumular al señor Reyes Encarnación como parte, debía ser notificado sobre la acción instada en beneficio de su hijo. Así pues, le concedió a la señora Ortiz Díaz un término de diez (10) días para presentar el proyecto de emplazamiento correspondiente.

Inconforme, el 10 de febrero de 2025, la Peticionaria presentó una moción de reconsideración. Ese mismo día, el foro primario denegó la reconsideración solicitada mediante *Resolución Interlocutoria.*

Insatisfecha aún, el 26 de febrero de 2025, la señora Ortiz Díaz acudió ante esta Curia mediante *Escrito Certiorari* y le imputó al foro de instancia la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al ordenar el emplazamiento del padre no peticionario habiendo establecido que este no es parte indispensable en la petición Ex Parte de Declaración de Incapacidad y Restitución de Patria Potestad.

Ese mismo día, la Peticionaria presentó una *Moción en Auxilio de Jurisdicción.* En síntesis, la señora Ortiz Díaz arguyó que procedía la paralización del emplazamiento ordenado, hasta tanto este foro apelativo

intermedio resolviera el recuro de epígrafe. Examinado el expediente, a la luz del derecho aplicable, estamos en posición de resolver.

**II.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 2012 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Luego de examinar el expediente a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que, nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando de la actuación del foro surja un error en la interpretación, o la aplicación de cualquier norma procesal o de derecho sustantivo.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso solicitado. Como corolario, se declara *No Ha Lugar* el auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la Secretaria Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones